UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  THE MATTER OF T&M HOLDINGS, AS OWNER OF THE M/V DOUGLAS, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br>ADMIRALTY - Rule 9(h) |

### COMPLAINT FOR EXONERATION FROM <u>OR LIMITATION OF LIABILITY</u>

**NOW INTO COURT**, through undersigned counsel, comes T&M Holdings, LLC (hereinafter "TMH" or "Limitation Petitioner"), as owner of the M/V DOUGLAS, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter "the Vessel"), who files this Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully avers upon information and belief as follows:

### <u>JURISDICTION AND VENUE</u>

1.

This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.  This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

{N4369879.1}

1

2.

The Vessel has not been attached or arrested to answer any claim with respect to which TMH seeks exoneration from or limitation of liability through these proceedings. As of the date of this filing, TMH has been sued by Jonathan Ferrier for personal injuries in the U.S. District Court for the Eastern District of Louisiana, bearing Civil Action No. 2:25-cv-2286. Accordingly, Venue is therefore proper in the United States District Court for the Eastern District of Louisiana, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**LIMITATION PETITIONER**

3.

At all times pertinent hereto, TMH, was and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana. TMH is authorized to do and doing business within the jurisdiction of this Honorable Court and the state of Louisiana.

4.

At all material times, TMH was and still is the sole record owner of the Vessel.

**THE VESSEL**

5.

The M/V DOUGLAS (hereinafter sometimes "Vessel"), Official No. 517137 is a U.S.-flagged towing vessel measuring fifty-three (53) total feet in length, twenty (20) feet in width, and seven (7) feet in depth. The Vessel was built in 1968. The Vessel primarily operates as a pushout.

6.

At all times during and prior to the voyage hereinafter described, TMH exercised due diligence to make the Vessel seaworthy in all respects. At all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, fully and properly equipped and manned, well and

{N4369879.1}

2

sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

## FACTUAL BACKGROUND

7.

At all material times, TMH, as owner of the Vessel, bareboat chartered the Vessel to CP Marine Services, LLC ("CP Marine"). On or around April 6, 2025, Jonathan Ferrier ("Ferrier") alleges he was working aboard the Vessel for CP Marine when he was injured while in the process of untying the Vessel from a dock at the CP Marine facility near Marrero, Louisiana. Ferrier alleges the Vessel backed away from the dock as he was handling the lines and his leg was caught in a line causing injuries.

8.

The known potential claimants at this time are:

1.      Jonathan Ferrier; and

2.      CP Marine.

9.

TMH hereby seeks exoneration from and/or limitation of liability for the accident incident described herein occurring on April 6, 2025. (hereinafter "the Incident").

## EXONERATION AND/OR LIMITATION OF LIABILITY

10.

This Complaint is filed timely under Admiralty Rule F(1), because it was filed within six months from the date TMH received written notice of a claim on April 3, 2026, namely when TMH received Ferrier's Amended Complaint naming TMH as a defendant.

{N4369879.1}

3

11.

The aforementioned Incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of TMH, its agents, servants, employees, or any other persons for whom TMH might be responsible, or by any unseaworthiness of the Vessel. TMH avers that it bareboat chartered the Vessel and thus is not liable for this Incident.

12.

Besides Ferrier's suit, TMH is, as of this date, unaware of any other demands, suits, petitions, unsatisfied claims of liens, or liens filed against TMH or the Vessel in connection with the Incident made the subject of this Complaint.

13.

TMH is entitled to exoneration and/or limitation under the circumstances.

14.

The Incident, any physical damage, injuries, contingent losses as well as all other losses, damages, expenses, and costs resulting therefrom were caused and occurred without the privity or knowledge of TMH.

15.

TMH has a reasonable basis upon which to believe it is possible that claims have been and/or will be asserted and prosecuted against it in amounts exceeding the value of the Vessel and its pending freight. Specifically, as noted above, Ferrier's lawsuits has been filed in connection with the Incident. Ferrier is seeking damages exceeding the value of the Vessel.

{N4369879.1}

16.

The fair market value of the TMH's interest in the M/V DOUGLAS at the time of the incident was ONE HUNDRED AND FORTY-EIGHT THOUSAND DOLLARS AND NO/100 ($148,000.00) total, and she had no pending freight. Accordingly, the total value of TMH's interest in the M/V DOUGLAS, and her pending freight is $148,000.00.  (*See* Declaration of Value attached hereto as **Exhibit 1**).

17.

TMH avers that because the aforementioned Incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of TMH or its agents, servants, employees, or any other persons for whom TMH might be responsible, or by any unseaworthiness of the Vessel, TMH is entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the aforesaid Incident, as well as any and all claims related to the Incident that have yet to be asserted. TMH avers that it has valid and complete defenses on the facts and on the law.

18.

Although TMH denies any liability to any party, and although TMH does not know the extent, nature or total amount of all claims which may be made for loss or damage arising out of the Incident described above. TMH anticipates and believes that suits and claims will be asserted and prosecuted against TMH in amounts exceeding the value of the Vessel at the conclusion of the voyage during which the aforementioned Incident took place.

19.

As such, without admitting but affirmatively denying all liability, and strictly in the alternative to its claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the aforesaid Incident, or allegedly done, occasioned, or incurred on the subject voyage, TMH alleges and avers that if TMH should be held responsible to any person, entity or other party by reason of any fault attributed to TMH,  its agents, servants, employees, or others for whom TMH could be held responsible, or to the Vessel, in connection with the above-described Incident, then TMH is entitled to and claims the benefit of limitation of liability as provided in the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., and all laws supplementary thereto and amendatory thereof, and all other applicable law and jurisprudence, to limit its liability to ONE HUNDRED AND FORTY-EIGHT THOUSAND DOLLARS AND NO/100 ($148,000.00), the value of TMH's interest in the Vessel immediately before and after the Incident.

20.

Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of its interest in the Vessel and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

21.

TMH reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the

right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by TMH, the right to plead the Act of God defense, the right to plead that the Incident resulted from violations of law or permits by other parties or particular claimants, the right to plead that the particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the Incident described herein.

22.

With this Complaint, Limitation Petitioner seeks to preserve its right to limit its liability within the six-month deadline from written notice as required by Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Pursuant to Supplemental Rule F(1), Limitation Petitioner has obtained security the necessary security in the form of the enclosed Letter of Undertaking.  (*See* Letter of Undertaking attached hereto as **Exhibit 2**).

23.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Limitation Petitioner, T&M Holdings, LLC respectfully requests and prays:

1. That this Honorable Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which T&M Holdings, LLC seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on

the attorneys for T&M Holdings, LLC a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the Incidents described more fully herein;

2.     That this Honorable Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against T&M Holdings, LLC its affiliates, their employees, its or their insurers, sureties, or underwriters, or any of its property, including but not limited to the M/V DOUGLAS, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the Incident described in this Complaint, or allegedly occurring during the subject voyage described in this Complaint;

3.     That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessel following the Incident and of the value of T&M Holdings, LLC's interest therein, following which event this Court shall, if necessary, enter an Order for filing of an amended Letter of Undertaking or other appropriate security for the aggregate value, as so determined, of T&M Holdings, LLC's interest in said Vessel;

4.     That this Honorable Court adjudge that T&M Holdings, LLC, its affiliated companies, employees, its or their insurers, sureties, and underwriters, the M/V DOUGLAS, are not liable to any extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way arising from or in consequence of the subject voyage, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6.     Or, strictly in the alternative, if this Court should adjudge that T&M Holdings, LLC, its affiliates, employees, or its or their insures or underwriters, and/or the M/V DOUGLAS are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be

limited to ONE HUNDRED AND FORTY-EIGHT THOUSAND AND NO/100 ($148,000.00) U.S. DOLLARS, the value of T&M Holdings, LLC's interest in the Vessel immediately after the Incident, said amount to be divided *pro rata* among all claimants; and that a judgment be entered discharging T&M Holdings, LLC, its affiliates, employees and its and their insurers and underwriters, and the M/V DOUGLAS of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against T&M Holdings, LLC, its affiliates, employees, its or their insurers, sureties, or underwriters, or any of their property, in any way arising from or in consequence of the subject Incident or Voyage, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7.      That T&M Holdings, LLC have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

*/s/ Austin S. Glascoe*

ALFRED R. RUFTY (La. Bar No. 19990)
AUSTIN S. GLASCOE (La. Bar No. 38236)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:     (504) 582-8238
Facsimile:      (504) 589-8238
E-Mail:          aglascoe@joneswalker.com
                     arufty@joneswalker.com

**Attorneys for Limitation Petitioner, T&M Holdings, LLC**